UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND G. POZOIC,** | : |
| **Petitioner** | : CIVIL ACTION NO. 3:11-1565 |
| v. | : (NEALON, D.J.) |
| | (MANNION, M.J.) |
| **DAUPHIN COUNTY DISTRICT ATTORNEYS OFFICE, DAUPHIN COUNTY COURT OF COMMON PLEAS, and THE ATTORNEY GENERAL OF THE UNITED STATES,** | : : : |
| **Respondents** | : : |

# REPORT AND RECOMMENDATION[1]

On August 23, 2011, the plaintiff, an inmate at the Cumberland County Prison, Carlisle, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (Doc. No. 1), along with a motion for leave to proceed *in forma pauperis*, (Doc. No. 2). The petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas of Dauphin County. See Commonwealth v. Pozoic, Court of Common Pleas Dauphin County, Criminal Docket Number CP-22-CR-0004367-2008. Upon preliminary

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

consideration of the petition[2], it is recommended that the petition be dismissed without prejudice because there are ongoing state court criminal proceedings.

In his petition, the petitioner claims that he was arrested on July 24, 2007, and charged with theft by deception[3]. The petitioner alleges that he was arraigned on October 23, 2008. Although he originally had a public defender to represent him, the petitioner claims that she withdrew from the case because the petitioner did not qualify for such services. The petitioner alleges that he is disabled and therefore filed an emergency motion for appointment of counsel, which was denied. On April 11, 2011, the petitioner alleges that he was forced to enter a guilty plea to the charges against him. The petitioner claims that he has never seen, nor does he understand, the charges that have been brought against him and to which he entered a guilty plea. The

---

[2]Rule 4 of the Rules Governing §2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C.foll. §2254.

[3]The docket in the petitioner's state criminal action reflects that he was charged with one count of Theft by Deception, 18 Pa.C.S.A. §3922, two counts of Forgery, 18 Pa.C.S.A. §4101, one count of Unlawful Use of a Computer, 18 Pa.C.S.A. 7611, and two counts of Tampering with Records or Identification, 18 Pa.C.S.A. §4104.

petitioner is currently awaiting sentencing[4]. By way of the instant petition, he is seeking to have this court initiate an investigation into his state court criminal proceedings and stay all state court proceedings pending completion of the investigation.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances, which the

---

[4]Apparently, his sentencing was originally scheduled for September 7, 2011, but has not yet taken place.

3

plaintiff has failed to exhibit[5], Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Here, the foregoing elements are satisfied. There are ongoing state judicial proceedings in that the petitioner is a defendant in a state criminal prosecution, and it is clear that granting the petitioner's request for relief would interfere with those proceedings. In addition, the state's criminal case against the petitioner undoubtedly implicates the important state interests of the state's enforcement of its criminal laws. Finally, the petitioner does have the opportunity to raise any constitutional claims which he has in the context of his state criminal proceedings.

"In no area of the law is the need for a federal court to stay its hand

---

[5] Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa. 1991).

pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It is clear that the petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Therefore, it is recommended that the court abstain from considering the instant petition, as abstention is required out of deference to the integrity of the state judicial process.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the petitioner's motion to proceed *in forma pauperis*, **(Doc. No. 2)**, be **GRANTED**; and

**(2)** the instant petition be **DISMISSED** without prejudice in light of the petitioner's ongoing state criminal proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Date: October 31, 2011**
O:\shared\REPORTS\2011 Reports\11-1565-01.wpd