IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 22 2011

PER _____ / DEPUTY CLERK

| | | |
|---|---|---|
| RAYMOND G. POZOIC, Petitioner | : | NO. 3:11-CV-1565 |
| v. | : : | (JUDGE NEALON) (MAGISTRATE JUDGE MANNION) |
| DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE, et al., Respondents | : : : | |

## MEMORANDUM and ORDER

On August 23, 2011, Petitioner, Raymond G. Pozoic, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed in forma pauperis. (Docs. 1-2). The petition requests an emergency injunction to stop legal proceedings in a state criminal action pending before the Dauphin County Court of Common Pleas at docket number CP-22-CR-4367-2008. (Doc. 1). Petitioner alleges violations of his right to counsel, of his right to a speedy trial, and of due process. (Id.). On October 31, 2011, Magistrate Judge Malachy E. Mannion filed a Report and Recommendation ("R&R") recommending that the motion for leave to proceed in forma pauperis be granted and that the habeas corpus petition be dismissed without prejudice because of the ongoing state court criminal proceedings. (Doc. 4). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

### Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987), writ denied 484 U.S. 837 (1987). Review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Mannion screened the instant habeas petition. (Doc. 4, p. 2). This Rule provides that a habeas corpus petition should be promptly screened[1] and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; see also Belt v. Scism, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) ("A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'").

The R&R outlines Petitioner's challenges to his ongoing state court criminal proceedings

---

[1]Prior to initial screening, the court would usually issue an administrative order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), advising Petitioner of the limitations upon his right to file another section 2254 petition in the future and granting him leave to withdraw his petition to file another petition raising all grounds for relief. However, because the instant habeas petition will be dismissed without prejudice and without a review of the merits, such notice is not required.

and concludes that this Court should abstain from considering the claims out of deference to the integrity of the state judicial process. (Doc. 4, pp. 2-3, 5). The Report states that in "Younger v. Harris, the United States Supreme Court 'established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding.'" (Id. at p. 3), quoting Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). Magistrate Judge Mannion thoroughly explains Younger abstention and its three requirements, then determines that it is applicable to the instant action. (Doc. 4, pp. 3-4) (citing Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010); Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982)). Specifically, the Magistrate Judge finds that there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere; the state proceedings implicate the important state interest of enforcing its criminal laws; and Petitioner has an opportunity to raise any constitutional claims in his state criminal proceedings. (Id. at p. 4) (quoting Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992)). The Report recommends that the habeas petition be dismissed without prejudice. (Id. at p. 5).

After review, this Court agrees that Petitioner's claims concerning his ongoing state criminal proceedings satisfy the requirements for Younger abstention and that it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See Everette v. Warden of Dauphin County, 2010 U.S. Dist. LEXIS 35694, *3-4 (M.D. Pa. 2010) (Rambo, J.) (holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court). .

Moreover, this Court notes that the petition could also be dismissed based on Petitioner's failure to exhaust administrative remedies. See Arndt v. Pennsylvania, 2011 U.S. Dist. LEXIS

3

98007, *9-11 (M.D. Pa. 2011) (Kosik, J.) (holding that as an alternative to dismissing the habeas petition based on the abstention doctrine, it could be dismissed for the petitioner's failure to exhaust state court remedies). Section 2254 provides: "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A). A review of the state court's docket sheet shows that Petitioner has not raised and/or exhausted the claims made here. See CP-22-CR-4367-2008.

In the absence of objections or plain error, the R&R will be adopted. Further, there is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."); Davison v. Barrasse, 2010 U.S. Dist. LEXIS 95579, *6-7 (M.D. Pa. 2010) (Muir, J.) (dismissing the habeas petition without prejudice pursuant to Younger and determining that a certificate of appealability should not issue).

## Conclusion

After review, this Court will adopt the R&R in accordance with the Younger abstention doctrine. The habeas corpus petition will be dismissed without prejudice because of Petitioner's ongoing state court criminal proceedings and a certificate of appealability will not issue. It is also noted that Petitioner failed to exhaust administrative remedies. Finally, Magistrate Judge Mannion's recommendation that the motion for leave to proceed in forma pauperis be granted will be adopted.

_____
United States District Judge

Date: November 22, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND G. POZOIC,<br>  Petitioner | :<br>: NO. 3:11-CV-1565<br>: |
| v. | : (JUDGE NEALON)<br>: (MAGISTRATE JUDGE MANNION) |
| DAUPHIN COUNTY DISTRICT<br>ATTORNEY'S OFFICE, et al.,<br>  Respondents | :<br>:<br>: |

## ORDER

**AND NOW**, this 22nd day of NOVEMBER, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 4) is **ADOPTED**;

2. The habeas corpus petition (Doc. 1) is **DISMISSED without prejudice**;

3. The motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**;

4. The Clerk of Court shall **CLOSE** this case; and

5. There is no basis for the issuance of a Certificate of Appealability.

_____
**United States District Judge**